**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-20644
_____

RICHARD H. WAVRO,

Plaintiff-Appellant,

VERSUS

NATIONAL GENERAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas (Houston Division)
(96-CV-3222)
_____

January 13, 1998

Before King, Higginbotham, and Davis, Circuit Judges.

PER CURIAM:[*]

Two issues worthy of discussion are presented in this appeal:
(1) whether the district court erred in refusing to remand this
case to state court; and (2) whether the mailbox rule applies to
these facts, making the district court's grant of summary judgment
to the Appellee inappropriate.

Wavro first contends that because the amount in controversy
did not exceed $50,000, the district court erred in refusing to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remand his case to the state court. 28 U.S.C. § 1332 (1993).[1] Wavro's claims included one for his property damage ($10,729.10) and one for reimbursement of claims made against him ($14,944.78), as well as claims for punitive damages, multiple damages and attorney's fees. Wavro provided no convincing evidence that the amount in controversy was less than $50,000. We therefore agree with the district court's order denying Wavro's motion to remand.

Wavro argues next that the "mail box rule" applies to this case, making the district court's grant of summary judgment inappropriate. The Appellant failed to send the renewal premium for his insurance policy, and therefore the policy expired by its terms. The Appellee then offered to renew the policy if the premium payment in response to the offer was received by February 10, 1996. The Appellee's offer expressly stated that:

> The renewal premium for this automobile policy has not been received. Accordingly, this policy expired effective 12:01 a.m. standard time January 27, 1996. However, if amount due is received before February 10, 1996, coverage will be reinstated without interruption.

The Appellant mailed the renewal premium on February 7, 1996, but the Appellee did not receive it until February 14, 1996. If the mail box rule applies, this was a timely acceptance and summary judgment was inappropriate.

We agree with the district court that the terms of the contract preclude application of the mail box rule. The district

---

[1] Although the jurisdictional amount was raised to $75,000, this action was both filed and removed before that statutory change. See 28 U.S.C. § 1332 (Supp. 1997).

court correctly resolved this issue against the Appellant and correctly granted summary judgment to the Appellee.

AFFIRMED.